# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY SMITH, JR., #207658,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 09-0588-CG-C** |
| **WARDEN JERRY FERRELL, et al.,** : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. His action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, as duplicative of plaintiff's other actions on the Court's docket.

## I. Nature of Proceedings.

In the complaint before the Court plaintiff identifies as defendants Gwendolyn Givens, Jerry Ferrell, and Albert Knight.[1] (Doc. 1 at 1). The claims against these defendants arise from an incident on June 11, 2009, when plaintiff was wrapping his corn

---

[1] Timothy McCorvey is listed also in the style of the action, but is not listed in Section III of the complaint. (Doc. 1 at 4-5). Plaintiff was advised that the persons identified in Section III will be the defendants. (Id. at 1).

dogs to give to anther inmate who, in turn, was going to give his french fries to plaintiff. (Id. at 4). Defendant Givens ordered plaintiff to either eat his corn dogs or throw them away. (Id.). Subsequently, defendant Givens reached for plaintiff's corn dogs, and he pushed her hand back. (Id. at 7). When plaintiff questioned her actions, she said that he was being charged with assault, although he contends no assault occurred. (Id. at 8). Defendant Givens then called for assistance. (Id.). When plaintiff began to leave, defendant Givens pushed him, and he pushed back causing an assault. (Id.). In the commotion defendant Givens lost her balance and fell, and the other officers then began beating plaintiff even though he did not resist. (Id.). Instead of taking him for a body chart, plaintiff was handcuffed and taken to a segregation cell where he was beaten by defendants Knight and Givens. (Id. at 8-9). When plaintiff arrived at the infirmary, defendant Ferrell, Warden Myers, and Richard Hetrick were present because they heard about the incident; however, they did not intervene to stop it. (Id.). Plaintiff further charges defendants Knight and McCovery with excessive force (id. at 11), and defendant Ferrell with lack of leadership (id. at 4).

The present action was received by the Court on September 9, 2009. (Doc. 1). Previously plaintiff had filed on the Court's docket two other actions, Smith v. Givens, et al., CA 09-0448-CG-M (S.D. Ala. Apr. 30, 2010) (summary judgment was granted for defendants Givens and Knight on claims based on the June 11, 2009 incident), and Smith v. Ferrell, CA 09-0466-CG-B (S.D. Ala. Feb. 18, 2010) (dismissing the action, based on the June 11, 2009 incident, against defendant Ferrell as duplicative).

**II. Analysis.**

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000). "It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" I. A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)). The considerations behind this principle are "'(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246) (parenthesis in original)).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." Id. When confronted with duplicative actions, broad discretion is given trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id.

The present action is based on the June 11, 2009 incident. The claims arising from the June 11, 2009 incident were litigated and disposed of on their merits against the present defendants, except for defendant Ferrell, in Smith v. Givens, et al., CA 09-0448-

CG-M (S.D. Ala. Apr. 30, 2010). However, claims against defendant Ferrell based on June 11, 2009 incident were brought by plaintiff in another prior action of Smith v. Ferrell, CA 09-0466-CG-B (S.D. Ala. Feb. 18, 2010). Moreover, in regard to the present failure-to-intervene claim against defendant Ferrell, plaintiff would need to show that the claim in which defendant Ferrell failed to intervene deprived him of a constitutional right. Plaintiff cannot make this showing because the underlying excessive force claims were determined not to have resulted in a deprivation of a constitutional right in Smith v. Givens, et al., CA 09-0448-CG-M (S.D. Ala. Apr. 30, 2010). See Johnson v. Moody, 206 Fed. Appx. 880, at \*\* 3 (11th Cir. 2006) (no constitutional claim for failure to intervene was stated when excessive force was not used) (unpublished);[2] Mixon v. Mosley, 2009 WL 11116617, at\*8 (M.D. Ala. Apr. 24, 2009) (no constitutional violation occurred when officer did not intervene because excessive force was not used) (unpublished). The same reasoning applies to the claim for his failure to lead as a supervisor. Mann v. Taser Int'l, Inc. 588 F.3d 1291, 1308 (11th Cir. 2009) ("Plaintiffs' claims under a theory of supervisory liability fail because the underlying § 1983 claims fail.").

Accordingly, the Court cannot discern a reason for not dismissing this action as duplicative of plaintiff's other actions based on the June 11, 2009 incident. In light of the Court's limited resources, it is recommended that this action be dismissed as duplicative.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Cf. Mathis v. Hughes, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008) (finding the complaint indistinguishable from other actions by plaintiff pending on the docket and dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)).

### III. Conclusion.

Based upon the foregoing reasons it is recommended that this action be dismissed with prejudice as duplicative.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 21st day of July, 2010.

                    s/WILLIAM E. CASSADY
                    UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.     **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).